# NOVEMBER 1, 1939

### B. B. BLACK V. THE STATE.

No. 20174. Delivered February 15, 1939.
Rehearing Denied November 1, 1939.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, and *Myres & Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder; the punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant's first contention is that the evidence is insufficient to sustain his conviction of the offense of murder.

The testimony, briefly stated, shows that appellant was employed by the County of Ellis as yard boss at the county farm. His duties were to look after the building, the paupers, to clean up, milk cows, and perform other jobs. At this farm the county convicts were also kept. Hobb McCullough and A. J. Robertson were guards who took the convicts out to work, guarded them while at work and returned them to the county farm in the evening. On the 30th day of April, 1938, McCullough and Robertson took the convicts, including the deceased, from the farm to a rock pit, a distance of approximately twenty miles, to work. During the day, McCullough, on four different occasions, administered to the deceased severe whippings with green sticks, a heavy leather belt about two inches wide, and also struck him with brass or iron knuckles. As a result of this treatment, the deceased lay upon the ground unconscious until five p. m. when he was loaded into a truck and carried back to the farm where he was taken

into the wash house and whipped again by McCullough. From there he was carried to the kitchen and laid on the floor. Appellant was not at the rock pit and did not know that the deceased had been whipped; nor had he seen the deceased being carried from the truck to the washroom or from there to the kitchen, as he was engaged at the time in feeding the stock. When he came to the dining room, the convicts and the guards were eating. Noticing that one of them was missing, he inquired as to the whereabouts of the deceased and was told that he was laying on the floor in the kitchen. He went to the kitchen and asked him to get up but received no reply. He then proceeded to hit him on the feet, face, and head with part of a broom handle but received no response from the deceased. He then kicked him on the side of the head with heavy shoes. The deceased was then put to bed and a doctor called, but he died within a very short time after the doctor had arrived.

Appellant testified among other things that when he inquired of McCullough and Robertson as to what was the matter with the deceased, they told him that he had had a mad, sullen fit. That he did not know when he kicked him on the head that he had killed him.

The doctors who performed the autopsy found bruises in the brain which corresponded with the bruises on the outside of the head. They testified that the injuries to the brain caused his death.

While we have set out the testimony in some detail, our purpose in so doing was to show that the testimony clearly raised an issue as to whether the appellant, by his acts, caused the deceased's death or contributed thereto and hastened his demise. The jury found that it did, and we would not be justified in disturbing their verdict in this respect. See Duque v. State 56 Tex. Cr. Rep. 214.

Appellant, in due time, objected to paragraph fourteen of the court's charge, which read as follows:

"You are further instructed that if you believe that the death of the deceased was caused by licks, blows, or whippings administered to him by one Hobb McCullough, if any, or if you have a reasonable doubt thereof, then you will acquit the defendant, and say by your verdict, 'Not Guilty.'

"In this connection, however, you are further charged that if Hobb McCullough had already administered blows, if any, to the deceased with brass knuckles a wooden stick, and a leather belt, or belts, if any, and you so believe from the

evidence beyond a reasonable doubt that such blows, if any, were death blows, and that the deceased would have necessarily died from such blows, if any, so administered by said Hobb McCullough, if any, such acts or action on the part of the said Hobb McCullough would not excuse or justify the defendant for such acts or action as may have been done by him, if any; and if you believe from the evidence, beyond a reasonable doubt, that the said defendant, B. B. Black, by his kicking and whipping of the deceased, or by either or both of same, as charged in the indictment, inflicted death blows upon said deceased, which either caused or materially contributed to the death of the said deceased, then you may find the said defendant guilty of murder, either with or without malice, as the same is hereinbefore defined in this charge; but if you do not so believe, or if you have a reasonable doubt thereof, then you will acquit the defendant of murder.

"However, in this connection, you are further instructed that if you believe that the death of the said deceased was caused by the blows, licks, or chastisement of one Hobb McCullough, and not by the defendant, or if you have a reasonable doubt thereof, then you will resolve that doubt in favor of the defendant and acquit him of the offense of murder."

The objection urged thereto was that the charge was on the weight of the evidence; that it was calculated to confuse and mislead the jury. The court failed to heed the objection and appellant excepted. We think his contention is well-founded.

It will be noted that the charge clearly instructed the jury that if they believed that the death of the deceased was caused by the licks and blows administered to him by Hobb McCullough, if any, or if they had a reasonable doubt thereof, to acquit appellant. In connection therewith the charge instructed the jury that if Hobb McCullough had already administered blows, if any, to the deceased with brass knuckles, a wooden stick or leather belt, and if the jury believed from the evidence beyond a reasonable doubt that such blows, if any, caused the death of the deceased, that such acts on the part of McCullough would not excuse or justify appellant for such acts as he may have done to the deceased.

It is obvious that this charge is contradictory and calculated to confuse and mislead the jury. In the beginning and the close of the charge complained of, the court told the jury that if the death of the deceased was caused by the blows struck by McCullough, or if they had a reasonable doubt thereof, to acquit appellant. This was, in effect, an instruction which

excused the appellant under such state of facts; yet in the same paragraph they are instructed that although McCullough inflicted the death blows upon the deceased, it would not excuse or justify appellant in what he did to the deceased.

Again, appellant's defense was that McCullough inflicted the injuries upon the deceased which resulted in his death. The charge complained of required appellant to prove said defensive theory beyond a reasonable doubt. This cast a greater burden on the appellant than he was required, under the law, to discharge. All that he was required to show was that death resulted from the blows administered by McCullough, or to show such facts as would raise a reasonable doubt thereof in the minds of the jury.

Appellant also complained of the court's charge relative to the law of aggravated assault, wherein the court instructed the jury that if they believed from the evidence beyond a reasonable doubt that even though the injuries inflicted upon the deceased by the defendant, if any, materially contributed to his death and were wholly unintentional on the part of the defendant and believe that he was not justified in the infliction of such injuries, he would be guilty of aggravated assault.

If appellant intentionally inflicted injuries upon the deceased, but not with the specific intent to kill, he would be guilty of no greater offense than aggravated assault.

As a general rule, an act done unintentionally does not constitute an offense. If, however, it were negligently done it might constitute an offense.

For the errors herein discussed the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed a motion for rehearing in which it is insisted that if any error occurred in the paragraph of the charge quoted in our original opinion that it was against the State and therefore appellant had no just ground of complaint. We have given the matter our most careful consideration. If the second part of the paragraph quoted stood alone there would seem to be ground for the State's contention, but the

whole paragraph must be considered together, and that in connection with the entire charge. It must be remembered that the evidence is undisputed that McCullough had inflicted prior serious injuries on Lambert, the deceased, of which Black was in complete ignorance, being far removed from the scene where such injuries were inflicted, and having no part therein, and likewise, having no knowledge or information of the serious condition of Lambert at the time he—Black—committed the acts charged against him by the State. Under this state of facts the jury should have been made to clearly understand that if the cause of Lambert's death was alone from the injuries inflicted by McCullough, or if they entertained a reasonable doubt thereof Black should be acquitted of murder. Also, that if the injuries inflicted by McCullough would have ultimately caused Lambert to die, but the jury found from the evidence beyond a reasonable doubt that Black inflicted injuries on Lambert which hastened his death, or materially contributed to cause his death, then Black would be guilty of whatever offense the facts sustained. The views thus expressed are supported by the text in 22 Tex. Jur., Sec. 10, pages 391 and 392 and the authorities there collated. We do not discuss Black's intent as affecting the degree of his culpability for the trial court appears to have properly protected his legal rights in that regard. However, the case is so close upon the facts that the charge discussed in our original opinion may have confused the jury. We have been unable to satify our minds that it may not have done so, and hence we conclude that the State's motion for rehearing should be overruled, and it is so ordered.